Jasen, J.
(dissenting). The order appealed from should be affirmed.
On February 22, 1968, defendant William Peacock entered a grocery store owned and operated by one Joseph Cusimano and robbed Cusimano at gunpoint. The store was well-lighted and Cusimano obtained a clear and unobstructed view of defendant’s face. A passerby observed the license number of defendant’s getaway car, and defendant was arrested while sitting in that car a short time later. A pistol and a bag of coins were found on the front seat of the car, and defendant had a substantial sum of money in his pockets. The victim Cusimano identified defendant at the police station within one and one half hers of the time of the crime. After a Wade hearing, the trfc court found that Cusimano’s identification of defendant was aper. This court also agrees that the identification was pro r, as did the Appellate Division. Thus, the proof of defendant guilt is overwhelming.
However, the majority would reverse defendant’s convictions of robbery in the first degree, third degree grand larceny and possession of weapons and dangerous instruments as a felony upon the authority of People v. West (29 N Y 2d 728), solely upon the ground that the trial court denied defendant’s request for a free transcript of the pretrial Wade hearing testimony. There is no question that the only use which defendant sought to make of the Wade hearing testimony at trial was to impeach the testimony of a police officer concerning the length of time it took the complaining witness Cusimano to identify defendant at the police station. The officer testified at the Wade hearing that Cusimano had taken three to five minutes to identify defendant at the station house, while at trial the witnes, testified that Cusimano had made the identification after a mute to a minute and a half. In my view, the discrepancy i the officer’s testimony at the Wade hearing and trial concen ; the length of time it took Cusimano to identify defendant ; the police station is minuscule, and cannot have affected the c - vcome of the trial given the overwhelming evidence of defendant :■ guilt. *910 Thus, the refusal to grant defendant’s request for the transcript was, at most, harmless error. (Schneble v. Florida, 405 U. S. 427; Milton v. Wainwright, 407 U. S. 371.)
Furthermore, I do not agree with appellant’s contention that our decision in People v. West (29 N Y 2d 728, supra) requires a different result. To be sure, West stands for the proposition that an indigent defendant has a right to a -free transcript of a pretrial suppression hearing. However, a defendant cannot exercise his right to receive a copy of the pretrial minutes without regard for the orderly process of a criminal prosecution. Indeed, in People v. Montgomery (18 N Y 2d 993, 994-995), we held that “ [t]he request for a transcript should be made far enough in advance of trial to give the State a reasonable amount of time to transcribe the minutes and to avoid the necessity of suspending the trial pending the production of the transcript.” In West, there was a six-day hiatus between the giving of the pretrial testimony and the trial, and we were careful to note that “ [t]he request for a transcript [under those circumstances] cannot be equated with a request for a daily transcript of trial minutes or a request made on the eve of trial.” (29 N Y 2d, at p. 729.)
In this case, a request for pretrial minutes was made on the very eve of trial. The Wade hearing was not held until March 25, 1969, and the trial took place on March 27 and 28, 1969. Defendant did not request the pretrial minutes until March 26, 1969 — the very day the trial was to begin — and, thus, comes within the exception noted in West concerning tardy requests for transcripts made on the eve of trial.
In my opinion, defendant has not demonstrated the existence of any facts which would reasonably excuse his tardiness in delaying the Wade hearing to the eve of the trial. Under these circumstances, it cannot be said that the Trial Justice abused his discretion in denying defendant’s motion for a free copy of the transcript. (People v. Henriquez, 36 A D 2d 627.)
It should be noted that the Wade hearing lasted less than one day, and only two witnesses testified at the hearing. Only one day intervened between the Wade hearing and the trial. Thus, there can be no doubt that the testimony of the witnesses was fresh in the minds of the parties at the time of trial. Indeed, in denying defendant’s motion for the transcript of the Wade hearing on March 26, the Trial Justice stated: ‘ All of us *911 present at the main trial know precisely what transpired at a comparatively short Wade hearing * * * Let the record indicate that if anything that transpired at that Wade hearing is important to this defendant * * * I will direct the reporter to read back any portion or all of those minutes. Let us get the jury back and proceed.”
Thus, it seems to me that the trial court provided defendant with an adequate remedy in the event that any testimony which was given at the Wade hearing was material to impeach a witness at trial as a prior inconsistent statement. Significantly, at trial defendant did not request the court to have the reporter read back the relevant portion of the police officer’s testimony at the Wade hearing concerning the length of time it took Cusimano to identify the defendant at the police station. The reporter could have easily read back the relevant portion of the Wade hearing testimony from his notes. Rather, defendant dogmatically insisted at trial that the trial be adjourned while the minutes of the Wade hearing were transcribed, and ignored the adequate remedy of having the reporter read the material portions of the Wade hearing transcript.
In short, the proof of guilt is overwhelming and the substantial rights of defendant were not prejudiced. Certainly, West (29 N Y 2d 728, supra) should not be extended to this situation where defendant delayed the Wade hearing until the eve of trial, the trial court provided defendant with an adequate remedy, and the proof of guilt is' overwhelming.
Accordingly, the order appealed from should be affirmed.
Chief Judge Fuld and Judges Scileppi, Breitel and Gibson concur in memorandum; Judge Jasen dissents and votes to affirm in a separate opinion in whitih Judges Burke and Bergan concur.
Order reversed and a new trial ordered in a memorandum.